UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

ALEX J. PERRY #659823,

      Plaintiff,                                                  Case No. 2:18-CV-222

v.                                                           HON. GORDON J. QUIST

DANIEL LESATZ, et al.,

      Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

        This is a civil rights action brought by state prisoner, Alex J. Perry, pursuant to 42 U.S.C. § 1983. Plaintiff alleges that three medical providers, Defendants Rajala, Johnson, and Oh, were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. On March 17, 2020, U.S. Magistrate Judge Maarten Vermaat issued a Report and Recommendation (R. & R.), recommending that the Court grant Defendants' motions for summary judgment and dismiss this case. (ECF No. 55.) Plaintiff has filed objections. (ECF No. 56.)

        Upon receiving objections to the R. & R., the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a de novo review of the R. & R., the objections, and the pertinent portions of the record, the Court concludes that the R. & R. should be adopted.

        Plaintiff objects to the magistrate judge's general conclusion that Defendants were not deliberately indifferent to his medical needs. He contends that some of the medical records and/or

grievances relied on by the magistrate judge are false. Some of these documents concern treatment provided by medical providers other than Defendants.

Having reviewed the record, the Court agrees with the magistrate judge's thorough analysis. There is no question that Plaintiff received treatment for his broken finger from several medical providers including Defendants. Part of his treatment included a splint to brace his finger and Tylenol to reduce the pain. He complains that instructions regarding the use of splint were inadequate and that he did not see a specialist for three months. Plaintiff concedes that the instructions may have been a "mistake," but claims that the mistake was "so reckless[.]" (ECF No. 56 at PageID.945.) Defendants may have been negligent, but deliberate indifference "entails something more than mere negligence." *Farmer v. Brenna*, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). This case comes down to a disagreement in medical treatment, and "[a]n inmate's 'disagreement with the testing and treatment he has received . . . does not rise to the level of an Eighth Amendment violation.'" *Rhinehart v. Scutt*, 894 F.3d 721, 740 (6th Cir. 2018) (quoting *Dodson v. Wilkinson*, 304 F. App'x 434, 440 (6th Cir. 2008)).

**Accordingly, IT IS HEREBY ORDERED** that the March 17, 2020, Report and Recommendation (ECF No. 55) is **adopted** and **approved** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' motions for summary judgment (ECF Nos. 28 and 44) are **granted**. Therefore, Plaintiff's claims against Defendants Oh, Johnson, Rajala are **dismissed with prejudice**.

This case is concluded.

A separate judgment will issue.

Dated: September 28, 2020                                /s/ Gordon J. Quist
                                                                            GORDON J. QUIST
                                                               UNITED STATES DISTRICT JUDGE